## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| HSBC BANK USA, N.A., as Successor Trustee for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2005 - HE2, Asset Backed Pass-Through Certificates, <br><br> Plaintiff, <br><br> v. <br><br> MACK THOMAS, MARY M. THOMAS, BENEFICIAL ILLINOIS, INC. D/B/A BENEFICIAL MORTGAGE CO., McLEAN COUNTY TREASURER, SECURITY FINANCE CORPORATION OF ILLINOIS, <br><br> Defendants. | Case No.   11-CV-1170 |

### **OPINION & ORDER**

Before the Court is Defendants Mack Thomas and Mary M. Thomas' ("Defendants") Motion to Dismiss Plaintiff's Complaint (Doc. 12) and Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 13). For the following reasons, Defendants' Motion to Dismiss (Doc. 12) is DENIED.

# BACKGROUND[1]

Plaintiff initiated this lawsuit by filing its Complaint (Doc. 1) on April 29, 2011, to foreclose on Defendants' mortgage. (Doc. 1 at 1). The mortgage is in default due to the failure of Defendants to pay the monthly installments of principal, interest, and taxes, from 10/01/2010 through the present. (Doc. 1 at 3). There remains an outstanding principal balance of $98,127.66 with interest accruing on the unpaid principal balance at $15.48 per day, plus attorneys fees, foreclosure costs, late charges, advances, and expenses incurred by the Plaintiff as a result of the default. (Doc. 1 at 3).

Beneficial Illinois, Inc., d/b/a Beneficial Mortgage Co., is a party to this action by virtue of a Junior Mortgage between Defendants and Beneficial Illinois, Inc., d/b/a Beneficial Mortgage Co. dated March 23, 1999 in the amount of $19,054.89. (Doc. 1 at 3). McLean County Treasurer is a party to this action by virtue of a county lien entered against Mary Thomas in the amount of $183.16. (Doc. 1 at 3). Security Finance Corporation of Illinois is a party to this action by virtue of a judgment entered against Defendants on March 1, 2001 in the amount of $808.47. (Doc. 1 at 3).

On July 5, 2011, Defendants filed their Motion to Dismiss alleging that Plaintiff failed to comply with 735 ILCS 5/2-606 and the terms of the Promissory

---

[1] For purposes of this Order, the Court accepts as true all facts and allegations alleged in the Complaint. *See Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008).

Note ("Note") and Mortgage by failing to serve, and attach to the Complaint, a written notice of acceleration and default as conditions precedent to filing a foreclosure suit. (Doc. 12 at 1-4). Defendants further claim that Plaintiff failed to comply with 735 ILCS 5/2 - 606 regarding the notice required by 735 ILCS 5/15 - 1502.5 by failing to provide, and attach to the Complaint, the "Grace Period Notice" to the borrowers prior to filing its Complaint for foreclosure. (Doc. 12 at 4-5).

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss does not test whether the plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim upon which relief can be granted. *Limestone Dev. Corp. v. Village of Lemont Ill.*, 520 F.3d 797, 797 (7th Cir. 2008). To state a proper claim, the plaintiff must make a plausible, rather than a merely speculative claim for relief. *Id*. The plaintiff must describe the claim in sufficient detail to give the defendant fair notice of the claim and the grounds upon which it rests. *EEOC v. Concentra Health Serv.*, 496 F.3d 773, 776 (7th Cir. 2007) *(quoting Bell Atlantic v. Twombley*, 127 U.S 1955, 1964 (2007)).

The court accepts facts and reasonable inferences in the plaintiff's complaint as true. *Tamayo*, 526 F.3d at 1081. However, the court is not bound to accept a legal conclusion couched in the plaintiff's complaint as a fact. *Ashcroft v. Iqbal*, 129 U.S. 1937, 1957 (2009). Furthermore, when the plaintiff's well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint does not sufficiently show that the pleader is entitled to relief "above a speculative level." *Concentra*, 496 F.3d at 776 (*citing Bell Atlantic*, 127 U.S at 1965, 1973).

Moreover, while the court should construe the complaint in the light most favorable to the plaintiff, the court should not ignore facts set forth in the complaint that either undermine the plaintiff's claim or give weight to unsupported conclusions of law. *Buchanan-Moore v. Cnty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009). Therefore, if a court finds that the plaintiff's complaint does not establish a set of facts that support the relief sought, the court must dismiss the complaint. *McCormik v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000).

## DISCUSSION

Defendants argue that Plaintiff's claims are founded on one or more written instruments, including the Mortgage and Note, making Plaintiff's Complaint subject to the requirements of Section 2-606, which states in pertinent part:

> "[i]f a claim or defense is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein, unless the pleader attaches to his or her pleading an affidavit stating facts showing that the instrument is not accessible to him or her."

735 ILCS 5/2 - 606.

Pursuant to Sections 15, 20, and 22 of the mortgage and Section 7(C) of the Note, the service of written notice of acceleration and a written notice of default are conditions precedent to Plaintiff's right to file a foreclosure suit or a suit to collect

4

on the Note, and as a matter of contract law, said notices are both instruments upon which Plaintiff's claims are founded. (Doc. 12 at 3). As such, Defendants argue that Plaintiff has failed to comply with this requirement in that it has failed to attach to its Complaint a copy of the notice of acceleration required by Sections 15, 20, and 22 of the Mortgage as well as a copy of the notice of default required by Section 7(C) of the Note. (Doc. 12 at 3). Defendants argue that by failing to attach to the Complaint a copy of the notice of acceleration required by the Mortgage and the notice of default required by the Note, as required by Section 2-606, Plaintiff has failed to state a cause of action upon which relief can be granted, and its Complaint is substantially insufficient in law.

Additionally, Section 15 - 1502.5(c) of the Illinois Mortgage Foreclosure Law provides: "…if a mortgage secured by residential real estate becomes delinquent more than 30 days the mortgagee shall send via U.S. mail a notice advising the mortgagor that he or she may wish to seek approved housing counseling," and further provides, "[n]o foreclosure action under Part 15 of Article XV of the Code of Civil Procedure shall be instituted on a mortgage secured by residential real estate before mailing the notice described in this subsection (c)." Defendants argue that pursuant to the provisions of 735 ILCS 5/2-606 and 735 ILCS 5/15-1502.5, the notice required to be sent to Defendants by Section 15-1502.5 of the Act is a written instrument upon which Plaintiff's claims are founded, and therefore must be attached to Plaintiff's Complaint. (Doc. 12 at 5). Defendants argue that by failing to

attach to the Complaint a copy of the notice required by Section 15-1502.5 of the Act, as required by Section 2-606 of the Code of Civil Procedure, Plaintiff has failed to state a cause of action upon which relief can be granted, and its Complaint is substantially insufficient in law. (Doc. 12 at 5).

Plaintiff disagrees, and argues that it satisfied both conditions precedent by mailing the required notices to the borrower in advance of filing its Complaint, and that it is not required by law to attach these notices as exhibits to its Complaint. (Doc. 13 at 2). Plaintiff acknowledges that pursuant to Illinois foreclosure law and the terms of the Note and Mortgage, Plaintiff was required to send a notice of default and acceleration to Defendants prior to foreclosing on the mortgage. (Doc. 13 at 3). However, it points out that Ocwen Loan Servicing, as servicer for Plaintiff, sent a notice of default to Defendants at the mailing address that Defendants had provided. (Doc. 13 at 3). Plaintiff argues that 735 ILCS 5/2-606 does not require that the notice of default be attached to the Complaint and the only requirement is that the written instrument on which the complaint is based be attached, which in this case was met when Plaintiff attached the Mortgage and Note to its Complaint (Doc. 13 at 3).

Plaintiff also acknowledges that Illinois foreclosure law requires that Plaintiff send via U.S. mail a notice advising Defendants that they may wish to seek approved housing counseling. *See* 735 ILCS 5/15 - 1502.5. In this case, Ocwen Loan Servicing, as servicer for Plaintiff, sent a "Grace Period Notice" to Defendants at the

6

mailing address that Defendants had provided. (Doc. 13 at 3). Plaintiff argues that 735 ILCS 5/2 - 606 does not require that the notice advising Defendants that they may wish to seek approved housing counseling be attached to the Complaint and the only requirement is that the written instrument on which the Complaint is based be attached, which in this case is met when Plaintiff attached the Mortgage and Note to its Complaint. (Doc. 13 at 3).

In resolving this dispute, the Court finds *Farm Credit Bank of St. Louis v. Biethman*, 634 N.E.2d 1312, 1318 (5th Dist. 1994) to be relevant. In that case, the counterdefendants appealed from a judgment of foreclosure entered on September 15, 1992, in favor of counterplaintiff. *Id.* at 1314. On appeal, defendants raised the following issues: (1) whether the trial court erred in admitting into evidence a written agreement (agreement), dated September 13, 1990, between the parties, in addition to a promissory note and deed of trust executed by defendant, since plaintiff did not attach a copy of the agreement to its complaint; and (2) whether the trial court erred in denying defendant's motion for judgment at the close of plaintiff's case because (a) the evidence established that defendant had paid the mortgage, and (b) no security interest existed above the face amount of the note. *Id.*

Plaintiff argued, and the court agreed, that it was not required to attach a written copy of the agreement to their countercomplaint because their claim was not founded upon the agreement, but rather, upon the promissory note and deed of trust. *Id.* at 1318. The court found that defendant's argument that plaintiff's claim

7

was founded upon the agreement rather than the promissory note and deed of trust was conclusory and not supported by the facts. *Id.* Additionally, the court found that plaintiff had complied with the pleading requirements of the Illinois Mortgage Foreclosure Law 735 ILCS 5/15-1101 *et seq.*, which requires only that a complaint in foreclosure attach copies of the mortgage and note secured thereby. 735 ILCS 5/15-1504(a). There is no law that every relevant document which counsel seeks to introduce as an exhibit at trial must be attached to his pleading, and indeed, such a requirement would be unworkable and imprudent. *Heuvelman v. Triplett Electrical Instrument Co.*, 161 N.E.2d 875, 879 (1st Dist. 1959).

Similarly, in this case the agreement between the parties was founded on the Mortgage and Note and not on the notice of default and acceleration or the notice advising Defendants that they might want to seek approved housing counseling. While those notices were required to be sent prior to the initiation of suit, Defendants' argument that Plaintiff's claim was *founded upon* the notice of default and notice advising them that they might want to seek approved housing counseling is conclusory and not supported by the facts. Therefore, the parties' agreement was founded on the Mortgage and Note and Plaintiff met the requirements of 735 ILCS 5/2-606 and 735 ILCS 5/15-1502.5 when it attached the Mortgage and Note to its Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED.

Entered this <u>1st</u> day of August, 2011.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge